## CERMAK v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. February 6, 1925.)

No. 4177.

**Criminal law ⟨⟨⟩739(1)—Defense of entrapment held issue for jury.**

Where a stool pigeon for narcotic inspectors, after several unsuccessful attempts to buy morphine from defendant, a drug clerk, some before and some after his employment by the inspectors, finally succeeded in making a purchase with money furnished by the inspectors, defendant *held* entitled to have the defense of entrapment submitted to the jury.

In Error to the District Court of the United States, for the Eastern Division of the Northern District of Ohio; Paul Jones, Judge.

Criminal prosecution by the United States against Otto Cermak. Judgment of conviction, and defendant brings error. Reversed and remanded.

Wm. L. Day, of Cleveland, Ohio (Day & Day, of Cleveland, Ohio, on the brief), for plaintiff in error.

P. J. Mullen, Asst. U. S. Atty., of Cleveland, Ohio (A. E. Bernsteen, M. A. McCormack, and Fred S. Day, Asst. U. S. Attys., all of Cleveland, Ohio, on the brief), for the United States.

Before DENISON, MACK, and KNAPPEN, Circuit Judges.

DENISON, Circuit Judge. This defendant below was a drug clerk, and · he sold morphine to an addict, who at the time of the sale was acting as a "stool pigeon" for the narcotic inspectors. The trial judge told the jury that it should not consider at all the defense of entrapment. Hence all the testimony along that line must be taken most strongly for the defense.

Cermak's testimony, in connection with permissible interferences from other testimony, tended to show that he had never before broken this law; that the addict, during the period before he was under the definite employment by the inspectors, had several times tried to buy morphine from Cermak, using great urgency and stressing his desperate need of it, but that Cermak had constantly refused, and had urged him to take a cure and break the habit; that the addict then reported to the inspectors that he thought he could make a "buy" from Cermak; 'that they told him to go ahead and furnished him the necessary money; that at the next interview the addict finally, by persistently urging his great need, and his family's unfortunate condition, and the way in which he would get work, and help his family, and break off the habit, if he could have this temporary help, overcame Cermak's reluctance; and thereupon, with knowledge that he was breaking the law and in an endeavor to do it secretly, Cermak made the sale.

This, to us, is the typical case in which the defense of entrapment should be sustained, upon the grounds of public policy stated in the Woo· Wai Case, 223 F. 412, 137 C. C. A. 604.[1] If, up to and at the time when the addict finally overcomes the reluctance of the seller, and by his persistence creates the criminal intent, where it was not and otherwise would not have been, the addict is still nothing but an expectant buyer, acting wholly for himself, even though he intends to inform and instigate a prosecution, the fact that, before the purchase is finally made, he has put himself under official direction and has become the agent of the inspectors, may not be sufficient of itself to raise the controlling question of public policy. That we need not decide. In the present case, according to the tendency of the proof, either the criminal intent was not successfully inspired by the addict until he had been expressly employed by the inspectors, and thus his later conduct was theirs, or, to put this feature of the defense in its weakest aspect, the addict had been for some time under irregular employment by the inspectors, and had been going about trying to persuade druggists to sell to him, intending, if he succeeded, to inform and get credit with the inspectors, and employment, at least as a witness, and possible leniency as to his own use of morphine, and then the inspectors, with knowledge of this situation, employed him to make the final purchase. In either view, this case would become one where the government must take the responsibility for the addict's success in bringing about that criminal intent which would not otherwise have arisen.

It goes without saying that the jury, on another trial, need not and may not accept this theory of defense; but the issue should have been submitted.

The judgment is reversed, and the case remanded for new trial.

---

[1] See, also, Butts v. U. S. (C. C. A. 8) 273 F. 35, 37. And see our discussion of the same subject in our opinion in Scriber v. U. S. (this day filed, No. 4194) 4 F.(2d) 97.