## SCRIBER v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. February 6, 1925.)

No. 4194.

1. **Bribery ⊜1(2)—Acceptance of bribe to permit act, illegal though not in fact intended, held to warrant conviction.**

A proposal to illegally import whisky, though not in fact intended, is sufficient basis to support conviction of a customs inspector for accepting a bribe to permit such importation.

2. **Criminal law ⊜37—Entrapment held not defense to charge of bribery.**

A customs officer, prosecuted for accepting a bribe, under Pen. Code, § 117 (Comp. St. § 10287), cannot set up entrapment as a defense, because the bribe was offered by federal agents as a test, and without any intention of doing the thing he was bribed to permit.

In Error to the District Court of the United States for the Eastern District of Michigan; Arthur J. Tuttle, Judge.

Criminal prosecution by the United States against Claude S. Scriber. Judgment of conviction, and defendant brings error. Affirmed.

Andrew C. Baird and Frank W. Atkinson, both of Detroit, Mich. (Fleming & Baird, of Detroit, Mich., on the brief), for plaintiff in error.

Chester J. Morse, Asst. U. S. Atty., of Detroit, Mich. (Delos G. Smith, of Detroit, Mich., on the brief), for the United States.

Before DENISON, MACK, and DONAHUE, Circuit Judges.

DENISON, Circuit Judge. Respondent below was a customs inspector on the ferry dock at Detroit. Prohibition agents, being informed that intoxicating liquor was coming in at this point through Scriber's collusion, arranged to prepare a test—or, as is said, a trap—for him. They hinted to him their wishes to bring in the whisky; he seemed favorably inclined; they arranged that he would that afternoon pass their automobile coming in from Canada containing whisky; and he accepted the money which they paid him for his expected favors. Later in the same day, before actual importation was attempted, they arrested him for accepting a bribe, contrary to section 117 of the Penal Code (Comp. St. § 10287).[1] His defense was that he intended to let them go along to

[1] Upon the trial, the indictment was treated as if depending on particular sections of Tariff Acts, but it plainly stated an offense under section 117, as well.

the point of importation, and then seize the machine and the liquor, and have them prosecuted under the correlative section 39 (Comp. St. § 10203), or other appropriate statute, and that he accepted and kept the money, to be used as evidence when the plan was consummated. The merits of this defense were fairly submitted to the jury, which found against Scriber.

The court refused to submit the defense of entrapment, and did this on the theory that defendant's testimony was inconsistent with that defense. In a proper case, it would seem that defendant should have the benefit of this defense, even though such inconsistency exists. To apply the rule in a case of this general class: A jury might conclude that defendant's claim of good intent was untrue and that he really intended to take the money and keep it, but might also conclude that he had been by the government officers unduly persuaded and influenced into the crime, and thus ought not to be held guilty.

[1] The defense of entrapment may be said to have taken its recent vogue from the opinion of the Ninth Circuit Court of Appeals in Woo Wai v. U. S., 223 F. 412, 137 C. C. A. 604. We have had occasion in the last few years to consider the different aspects of it in the cases cited in the margin.[2] The question as now commonly presented is somewhat distinct from the earlier one with regard to decoy letters.[3] In these cases, the primary question was whether the decoy letter was so far a real letter as to be under the protection of the mail laws and as to be the subject of stealing from the mails. That it was, sufficiently to be capable of being stolen from the mails, became firmly established. Entrapment in the sense of urging, or in the sense of co-operation beyond the mere furnishing of an opportunity, was not involved in most, if any, of those cases. These decoy letter cases, in general, are applicable to the present case only so far as they support the conclusion that the proposed or suggested importation of whisky was a sufficient basis to support conviction for bribing a customs inspector not to interfere, even though there was no actual intention ever to bring the whisky in. We approve the application to this extent, and we hold that in so far as the defense suggests that there could be no bribery, because there was no intention to import, it must fail.

[2] Nor can we see that the defense of entrapment, more accurately defined, can be applicable to a situation, where the offense charged is the accepting of a bribe by a public officer, and where the supposed instigators do nothing except to give the officer opportunity to accept a bribe, and to expose him to what might be called the ordinary degree of temptation to which such officers are likely to be subjected at any time in the daily discharge of their duties.[4] Whether this defense rightly rests upon the rule of public policy that the government will not be permitted to lead its citizens into crime and then punish them, or rests on the theory that in such a case the true criminal intent does not exist, makes no difference here. The prohibition agents did nothing to overcome Scriber's shrinking or reluctance. So far as they observed, he did not shrink. In such a case as that, we think it clear that a crime, otherwise rightly to be inferred, cannot be escaped by the aid of this defense.

Nor is it important, in this class of cases, to decide just how far the government agents were justified in suspecting that the person to be tested was habitually guilty. A relatively slight amount of reason to suspect should be sufficient to justify this mere test or opportunity, if, indeed, any such reason is necessary as to a particular public officer or employé, where the results of official dereliction by some one are widespread, and where the officer has official duty to enforce the law proposed to be violated. It is rather when there has been a considerably greater degree of co-operation by the government agents in helping along the commission of the crime—e. g., the Billingsley Case, supra—that the question of their reasonable cause to believe in defendant's habitual guilt becomes more important.

Our discussion of this defense should be read in connection with our opinion this day filed in Cermak v. U. S. (No. 4177) 4 F.(2d) 99. We find no other subject requiring discussion.

The judgment is affirmed.

---

[2] Goldman v. U. S., 220 F. 57, 62, 135 C. C. A. 625, and cases cited; Ramsey v. U. S. (C. C. A.) 268 F. 825, 827; Billingsley v. U. S. (C. C. A.) 274 F. 86, 89; Loewenthal v. U. S. (C. C. A.) 274 F. 563, 570; Fisk v. U. S. (C. C. A.) 279 F. 12, 15; Browne v. U. S. (C. C. A.) 290 F. 870, 873; Cohen v. U. S. (C. C. A.) 294 F. 488, 491.

[3] U. S. v. Wight (D. C.) 38 F. 106, 109; Goode v. U. S., 159 U. S. 663, 669, 16 S. Ct. 136, 40 L. Ed. 297.

[4] The bribe offered was $20, not a substantial temptation to a first offense.