TIMELL v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. May 18, 1925.)

No. 4510.

1. **Criminal law** ⚖➡829(1)—**Requested instructions properly refused.**

Where the charge given is full and fair to defendant, it is not error to refuse requested instructions making specific reference to the evidence.

2. **Intoxicating liquors** ⚖➡169 — **Doctrine of agency not applicable to unlawful possession.**

One charged with unlawful possession of liquor is not entitled to acquittal on the ground that his possession was as agent of another.

3. **Criminal law** ⚖➡830—**One erroneous proposition of law in a requested instruction justifies its refusal.**

It is not error to refuse a requested instruction containing several propositions of law, one of which is unsound.

In Error to the District Court of the United States for the Northern Division of the District of Idaho; Frank S. Dietrich, Judge.

Criminal prosecution by the United States against Albert Timell. Judgment of conviction, and defendant brings error. Affirmed.

W. B. McFarland, of Cœur d'Alene, Idaho, and W. D. Keeton, of St. Maries, Idaho, for plaintiff in error.

E. G. Davis, U. S. Atty., W. H. Langroise, and James F. Ailshie, Jr., Asst. U. S. Attys., all of Boise, Idaho.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. Plaintiff in error, Timell, was convicted under a count charging possession, and another charging sale, of a quantity of moonshine whisky.

Armstrong, a deputy sheriff, testified: That he saw Timell at a boarding house at St. Maries, Idaho; that in the morning, about breakfast time, he asked Timell, who conducted the boarding house in which the conversation was had, whether there was any chance to get a drink of whisky, saying he had been wet, and believed a drink would warm up his stomach. Timell said that he could get him a bottle; that about an hour afterward Timell handed him a bottle of moonshine whisky, for which he paid Timell $3.50; that Bracken, a federal prohibition officer, was present at the time of the sale. Bracken testified that he heard Armstrong ask Timell if he knew where he could get a bottle, as he had been fishing and was cold and wet, that after they returned to the house, about an hour after the conversation, Timell asked Armstrong if he still wanted the whisky, that he saw Armstrong hand $3.50 to Timell, and that the bottle contained moonshine whisky.

Timell testified in his own behalf that Armstrong said he was sick and had a stomachache; that after Armstrong had importuned him five or six times, he told Armstrong that if he was "feeling that bad, and was going to die," he would try and get something for him, but that he did not know whether he could or not; that pursuant to that conversation he bought a bottle of whis-

ky for him, and was paid for it the same sum that he paid to the man from whom he bought the liquor.

The principal assignments of error are based upon the giving of certain instructions and the refusal to give certain requests. The court, after stating that the issue turned upon the question as to what inducements were held out by the government witnesses to defendant, as a result of which he procured and furnished the liquor, said that it was entirely proper for persons engaged in detecting crime to go about under cover, or unidentified, and, where they suspected that liquor was being sold or kept in violation of the law, to go to the suspected person and propose a violation of the law by asking for liquor, and added:

"Upon the other hand, it is not proper for one representing the government as a special agent, either under cover or otherwise, by representations as to his physical condition —that is, by feigning to be in agony or great pain, or seriously ill—to play upon the sympathies of a citizen, and thus get him to violate the law. You will see the distinction between the two cases. Now for one to simply say that he is cold and would like to have something to warm up his stomach, or that he has been wet and that a drink of whisky might make him feel better, that wouldn't be a violation of the law. But, upon the other hand, and I am amplifying somewhat, so that you will see that, while the line may not be so easily defined, still by using your common sense you will see the difference between what is proper and what is improper. As I have already indicated, an agent cannot go further, and feign serious illness, or pretend that he is in very great pain, and thus appeal, as I say, to the sympathies of a citizen, and get him to do what otherwise he would not think of doing; that is, violate the law for the purpose of relieving what is supposed to be agony or pain of a fellow man."

The court also charged that it was for the jury to say upon which side the truth was. "Did the officers go there, as the defendant contends, and one of them pretend to be in very great pain, and thus play upon the sympathy and compassion of the defendant? If so, you should acquit. Upon the other hand, if the deputy sheriff, Armstrong, simply suggested that he was wet, and a drink of whisky, a bottle of whisky, might warm up his stomach, or make him feel better, something of that kind, that would be within his rights, and you could properly convict."

[1] Those instructions were specially fair to the defendant, and he was not prejudiced by the refusal of the court to give his requests, containing more detailed references to the testimony. Ritter v. United States (C. C. A.) 293 F. 187; Goldberg v. United States (C. C. A.) 295 F. 447; Newman v. United States (C. C. A.) 299 F. 128; Bakotich v. United States (C. C. A.) 4 F.(2d) 386.

[2] Error is also assigned upon the refusal of the court to charge that, if the jury believed Timell acted as the agent of Armstrong, and simply as a messenger in the purchase of the whisky, and was not pecuniarily interested, then Timell was a purchaser, and not a seller, and should be acquitted. Whatever might have been said of the request, if it had been limited to the evidence under the count which charged a sale, it was clearly erroneous in assuming that one who has liquor in his possession must be acquitted of the charge of unlawful possession, if he can prove that possession was merely as the agent of another. The doctrine of agency is not applicable to such a case. State v. Caswell, 2 Humph. (Tenn.) 399; State v. Chauvin, 231 Mo. 31, 132 S. W. 243, Ann. Cas. 1912A, 992; State v. Bugbee, 22 Vt. 32.

[3] Where a requested instruction contains several propositions of law, one of which is unsound, refusal to grant the request is not error. Texas & P. R. Co. v. Humble, 181 U. S. 57, 21 S. Ct. 526, 45 L. Ed. 747; Chicago & Great Western v. Roddy, 131 F. 718, 65 C. C. A. 470; 14 R. C. L. 800; 16 C. J. § 2507. We find no error.

The judgment is affirmed.