## POLSKI et al. v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit. July 6, 1929.

No. 8256.

Samuel Lipschultz, of St. Paul, Minn., for plaintiffs in error.

Robert L. MacCutcheon, Sp. Asst. to the Atty. Gen., for the United States.

Before KENYON and VAN VALKENBURGH, Circuit Judges, and OTIS, District Judge.

OTIS, District Judge. In the District Court the plaintiffs in error were convicted of conspiracy to violate the National Prohibition Act. The defense was entrapment. The trial judge, although requested so to do,

refused to charge the jury that the accused persons might be found not guilty on that theory. The sole contention here is that this was error.

■ The law as to entrapment is now well defined. In no case has it been better stated than it was stated for this court by Judge Sanborn in Butts v. United States, 273 F. 35, 37:

"It is not denied that, in cases where the criminal intent originates in the mind of the defendant, the fact that the officers of the government used decoys or truthful statements to furnish opportunity for or to aid the accused in the commission of a crime, in order successfully to prosecute him therefor, constitutes no defense to such a prosecution.

"But when the accused has never committed such an offense as that charged against him prior to the time when he is charged with the offense prosecuted, and never conceived any intention of committing the offense prosecuted, or any such offense, and had not the means to do so, the fact that the officers of the government incited and by persuasion and representation lured him to commit the offense charged, in order to entrap, arrest, and prosecute him therefor, is and ought to be fatal to the prosecution, and to entitle the accused to a verdict of not guilty."

■ An essential element of entrapment is that the acts charged as crimes were incited directly or indirectly by officers or agents of the government. Butts v. United States, supra; Woo Wai et al. v. United States (C. C. A. 9) 223 F. 412, 415; Newman v. United States (C. C. A. 4) 299 F. 128, 131; Di Salvo v. United States (C. C. A. 8) 2 F.(2d) 222, 225; Cermak v. United States (C. C. A. 6) 4 F.(2d) 99; Silk v. United States (C. C. A. 8) 16 F.(2d) 568, 570; Jarl v. United States (C. C. A. 8) 19 F.(2d) 891. It is not entrapment that one has been induced by some other than a person acting for the government to commit a crime, even if he would not otherwise have committed it, and even if the person inducing him to commit it intended later to betray him to the government. The very heart of the doctrine of entrapment is that the government itself has brought about the crime.

Unquestionably in this case there was some evidence tending to show that the plaintiffs in error were led into the business of unlawfully manufacturing intoxicating liquor by one Clarence F. Bradfield. If Bradfield was acting for the government, then there was some evidence of entrapment, and it was error to refuse to submit that defense to the jury. Butts v. United States, supra; Di Salvo v. United States, supra; Cermak v. United States, supra; Silk v. United States, supra; Jarl v. United States, supra. Whether there was error depends on the character in which Bradfield was acting at the time of his dealings with the plaintiffs in error.

■ Bradfield was not a government officer. He was an applicant for a position as prohibition agent. He had been recommended for such a post by the prohibition director. As a candidate for that place, the prohibition director had introduced him to his assistant, and had suggested to his assistant that he try Bradfield out as an informer, if he desired so to do. There was evidence that Bradfield reported to the assistant prohibition director that he had been employed by certain persons, whom he did not name, but who were the plaintiffs in error, to do electrical work in connection with a still they were constructing, and that the assistant director told him to go ahead and to keep him informed of the progress of the work. From time to time Bradfield called at the office of the prohibition director, but not, so far as the evidence indicates, for any purpose in connection with the unlawful enterprise of plaintiffs in error. Such was the evidence, and all the evidence, by which it was sought to show that Bradfield, in inducing plaintiff in error to commit a crime, if he did that, was acting for or under the direction of the government. Apparently the trial judge thought this was no proof that Bradfield was acting as an agent of the government, and that is our view also. The requested instruction on entrapment was properly refused.

The judgment is affirmed.