## BEARD v. UNITED STATES.

### No. 9401.

Circuit Court of Appeals. Eighth Circuit.

June 11, 1932.

Eugene D. O'Sullivan, of Omaha, Neb. (Charges J. Southard, of Omaha, Neb., on the brief), for appellant.

Edson Smith, Asst. U. S. Atty., of Omaha, Neb. (Charles E. Sandall, U. S. Atty., and Ambrose C. Epperson, Asst. U. S. Atty., both of Omaha, Neb., Robert Van Pelt, Asst. U. S. Atty., of Lincoln, Neb., and Lawrence I. Shaw, Asst. U. S. Atty., of Omaha, Neb., on the brief), for the United States.

Before VAN VALKENBURGH and SANBORN, Circuit Judges, and DAVIS, District Judge.

DAVIS, District Judge.

The appellant was convicted of the offense of unlawful transportation of intoxicating liquor as defined by the National Prohibition Act (title 2, § 3 [27 USCA § 12]), and sentenced to a term of ninety days in jail, and to pay a fine of $300.

The sole ground of the appeal is that the trial court erred in excluding evidence offered by appellant with the view of establishing the defenses of entrapment and agency.

The competency of the evidence excluded, can only be determined by an examination of the evidence that had been admitted when the offer was made. Succinctly stated, the facts were that on January 10, 1931, in the office of Mr. Rowan, Prohibition Enforcement Officer, at Omaha, Neb., the agents met a man referred to as an informer, who accompanied agent Cook in an automobile to Burdette street near Military avenue, where the car was stopped on the south side of the thoroughfare. Thereupon appellant, who was then seated in an automobile parked on the north side of the street about one hundred feet east of the agent's car, drove his automobile forward, stopped it at a point immediately opposite the agent's car. The agent walked over to appellant and asked if it would be safe to make the transfer. Appellant said it would, and he requested the agent to open the door of his car, whereupon appellant took a cardboard box containing six one-gallon jugs of whisky from his automobile, carried it across the street, put it in the agent's automobile, and covered it with a blanket. The arrest was thereupon made. Other prohibition agents witnessed the transaction. The evidence was that the agents had never met the informer prior to that occasion, that they did not know his name, and that he was not an officer, agent, or employee of the government.

In defense, evidence was tendered to the

effect that on the night prior to the above transaction, the appellant had been induced by one Dan Mallory, the informer, with whom he was acquainted, to ascertain if he could secure five gallons of whisky for a friend who was coming to the city on the next day for that purpose; that on the morning of the arrest Mallory telephoned appellant, and it was agreed that six gallons of liquor would be secured and delivered at the time and place where the arrest subsequently occurred. The court excluded this testimony on the ground that it had not been shown that Mallory was an officer or agent of the government, but before doing so offered to delay the trial in order that appellant might secure the testimony of Mr. Rowan, the agent in charge of the prohibition officers, with a view of ascertaining further facts with reference to the relationship of Mallory to the government. The appellant elected not to avail himself of the opportunity.

When the testimony was excluded, there were no facts before the court tending to show that the informer was the agent of the government, unless it can be said that because, after the agreement to procure the liquor had been completed, he was in the office of the agent in charge, introduced to the officers, and referred to by them as an "informer," constituted evidence of his agency. It is the common experience of peace officers to have citizens furnish information about law violations. Their interest and motives in so doing are varied. It may proceed from a high sense of duty as a citizen. In fact, in the case of an actual commission of felony, the law imposes the obligation upon citizens having knowledge thereof to communicate the same to the authorities. 18 USCA § 251. The fact that a citizen appears in the office of an enforcement officer, and assists in the detection of an offender, is no evidence whatsoever that he is the agent of the government, and that his conduct then or theretofore is binding upon it. One who relies on agency should establish the relation. Appellant, though given the opportunity, did not see fit to undertake to offer proof of the status of Mallory, but insists that it was the government's duty to call Mr. Rowan to the witness stand. No such an obligation is recognized. Consequently, the evidence of appellant's conversation and dealings with Mallory was offered in the absence of any evidence that he was an officer or agent of the government.

This court in dealing with a similar situation in Polski v. United States, 33 F.(2d) 686, 687, certiorari denied 280 U. S. 591, 50 S. Ct. 39, 74 L. Ed. 640, said: "An essential element of entrapment is that the acts charged as crimes were incited directly or indirectly by officers or agents of the government. Butts v. United States, supra [(C. C. A.) 273 F. 35, 18 A. L. R. 143]; Woo Wai et al. v. United States (C. C. A. 9) 223 F. 412, 415; Newman v. United States (C. C. A. 4) 299 F. 128, 131; Di Salvo v. United States (C. C. A. 8) 2 F.(2d) 222, 225; Cermak v. United States (C. C. A. 6) 4 F.(2d) 99; Silk v. United States (C. C. A. 8) 16 F.(2d) 568, 570; Jarl v. United States (C. C. A. 8) 19 F.(2d) 891. It is not entrapment that one has been induced by some other than a person acting for the government to commit a crime, even if he would not otherwise have committed it, and even if the person inducing him to commit it intended later to betray him to the government."

In Newman v. United States (C. C. A. 9) 28 F.(2d) 681, 682, certiorari denied Boyd v. United States, 279 U. S. 839, 49 S. Ct. 253, 73 L. Ed. 986, the court said: "The government is not bound by acts of persons who never have been, or in fact have ceased to be, its agents. And whether the doctrine of entrapment is made to rest upon the theory of estoppel, or upon considerations of public policy, or upon some other ground, it can be invoked only where the government is, through its officers or agents, chargeable with inducing the commission of the offense."

The court properly ruled in effect that on the state of the evidence the appellee was in no way bound by the act of Mallory.

Appellant further contends he was the agent of Mallory in the transaction, and if the evidence had been admitted it would have shown that to be the fact. Even if this be true, it would have constituted no defense to the charge. The transportation of intoxicating liquor for beverage purposes, without permit, is made an offense. The capacity in which the appellant acted, whether as agent or owner, is of no consequence. The willful transportation of liquor is not to be excused on the ground that appellant was merely the agent of the purchaser.

In Timell v. United States (C. C. A. 9) 5 F.(2d) 901, 902, the court said: "Error is also assigned upon the refusal of the court to charge that, if the jury believed Timell acted as the agent of Armstrong, and simply as a messenger in the purchase of the whisky, and was not pecuniarily interested, then Timell was a purchaser, and not a seller, and should be acquitted. Whatever might have been said of the request, if it had been limited

to the evidence under the count which charged a sale, it was clearly erroneous in assuming that one who has liquor in his possession must be acquitted of the charge of unlawful possession, if he can prove that possession was merely as the agent of another. The doctrine of agency is not applicable to such a case."

There is no error in this case, and it is affirmed.