UNITED STATES of America,
Plaintiff,

v.

William A. DeLOACHE and Howard M.
Golden, Defendants.

Crim. A. No. 21748.

United States District Court
W. D. Missouri, W. D.

June 13, 1969.

See also D.C., 304 F.Supp. 187.

Clifford M. Spottsville, Asst. U. S. Atty., Kansas City, Mo., for plaintiff.

Alan B. Slayton, Independence, Mo., for defendant Golden.

A. J. Falcone, Kansas City, Mo., for defendant DeLoache.

## MEMORANDUM OPINION, FINDINGS OF FACT, AND CONCLUSIONS OF LAW ON COUNTS II TO XI, INCLUSIVE

BECKER, Chief Judge.

In Count I of the information herein, which contains eleven counts, the defendants DeLoache and Golden and the discharged defendant Marvin, were charged with having ("commencing prior to October 15, 1962 and continuing to on or about December 4, 1962") unlawfully, willfully and knowingly conspired in 1962, in violation of Section 371 of Title 18, U.S.C., to commit offenses against the Federal Food, Drug and Cosmetic Act by dispensing, and causing the dispensing of, "amphetamine-containing drugs" without prescription contrary to the provisions of Section 353(b) (1) of Title 21, U.S.C., while said drugs were being held for sale after shipment in interstate commerce, thereby causing the drugs to be misbranded in violation of Section 331(k) of Title 21, U.S.C.

On the initiative of the Court, for the purpose of relieving the defendants in a jury trial of any prejudice resulting from joinder of the counts of the information, a first and separate trial upon Count I, the conspiracy count, was ordered pursuant to the authority granted by Rule 42, F.R.Crim.P. On Count I, a plenary evidentiary trial was held. After submission of the cause on Count I, this Court issued its memorandum opinion on January 16, 1968, 279 F.Supp. 720, adjudging the defendants, and each of them, not guilty of the conspiracy charge contained in Count I. Jurisdiction was retained for trial of the defendants DeLoache and Golden on the remaining substantive counts of the information.

Thereafter the United States and the defendants DeLoache and Golden waived trial by jury on the remaining counts and stipulated to submit the remaining counts on the record made on Count I.

Counts II to VIII (inclusive) of the information charged substantive offenses by the defendants jointly in that they caused drugs to be dispensed without a prescription in violation of the Federal Food, Drug and Cosmetic Act. The 7 counts charge acts of dispensing unlabelled drugs contrary to Section 353(b) (1), Title 21, U.S.C. (and the resultant misbranding of drugs held for sale contrary to Section 331(k), Title 21, U.S.C.) on October 15, October 16(2),

October 25, October 26, November 14, and November 15, all in the year 1962.

By Counts IX, X, and XI, defendant Golden alone was charged with three separate substantive violations of the Federal Food, Drug and Cosmetic Act by causing to be dispensed specific unlabelled amphetamine drugs, held for sale after shipment in interstate commerce without a prescription in violation of Sections 353(b) (1) and 331(k), Title 21, U.S.C. The act of dispensing charged in Count IX was alleged to have taken place on December 4, 1962, and those charged in Counts X and XI were both alleged to have taken place on December 20, 1962.

On August 13, 1968, the parties herein filed their "stipulation for trial without jury and submission to court on the record." The stipulation recited that the defendants:

"* * * having been fully advised of their rights to a trial by jury and of their right, under the circumstances of this case to move that this case be transferred to another division of this court for decision by another judge, each hereby waives such rights and consents to trial by the court without a jury as provided by Rule 23, Federal Rules of Criminal Procedure, it being understood that no additional evidence will be presented by either plaintiff or defendants and that the case is being submitted to the court on the basis of the evidence already adduced at the trial of Count I of the indictment herein."

In its previous findings of fact, this Court, applying the rule that the government bears the burden of proof to prove beyond a reasonable doubt all unstipulated facts and essential elements of the charged offenses, found that the following overt acts had been committed: that one of the acts dispensing of unlabelled drugs charged by Count III had been committed on October 16, 1962; that charged by Count V had been committed on October 25, 1962; that charged by Count VI had been committed on October 26, 1962; that charged by Count VII had been committed on November 14, 1962; and that charged by Count VIII had been committed on November 15, 1962. With regard to Counts IX, X and XI, on which defendant Golden alone was charged, the act charged by Count IX was found to have been committed by him on December 4, 1962. Also found to have been committed by him was one of the overt acts charged to have been committed on December 20, 1962.

All findings of fact and conclusions of law in the memorandum opinion on Count I are reaffirmed and incorporated herein by reference, as fully as if again set forth herein *verbatim*. See United States v. DeLoache, et al., 279 F.Supp. 720.

Thus, the acts charged by Counts II through XI have all been found previously to have been committed and defendants DeLoache and Golden are guilty as charged on those counts unless the defense of entrapment, which they here interpose, has not been disproved by the Government beyond a reasonable doubt. Both DeLoache and Golden rely on Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413, 86 A.L.R. 249 and Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed. 2d 848, contending that the criminal conduct here charged was the "product of the creative activity of the law enforcement officials" in the case at bar.

Defendants DeLoache and Golden are entitled to consideration of their defense of entrapment under well settled principles which follow.

Entrapment in its literal sense means the act of trapping. In federal criminal jurisprudence the meaning has been broadened, and it has come to mean the act by the Government of inducing or leading a person to commit a crime not originally contemplated by him for the purpose of trapping him in its commission and prosecuting him. So when the criminal intent originates in the mind of the entrapping agent and the accused is lured into the commission of

the offense charged in order to prosecute him therefor, it is generally ruled that no conviction may be had, though criminality of the act is not affected by the question of consent. 1 Wharton's Criminal Law and Procedure (Anderson ed. 1957) § 132, pp. 281, 286; Anno. 33 A.L.R.2d 883, l.c. 888; Sorrells v. United States, supra; Lopez v. United States, 373 U.S. 427, 83 S.Ct. 1381, 10 L.Ed.2d 462.

■ On the other hand, when the doing of a particular act is a crime regardless of the consent of anyone, and the criminal intent originates in the mind of the accused, the fact that an opportunity is furnished, or that the accused is aided in the commission of the crime in order to secure the evidence necessary to prosecute him therefor, constitutes no defense. 1 Wharton's Criminal Law and Procedure (Anderson ed.1957) § 132, p. 283; Anno. 33 L.Ed. 2d 883, 890.

In this case the evidence shows beyond a reasonable doubt that the Government had reasonable cause to believe that each of the defendants DeLoache and Golden were violating the narcotics laws, and only afforded them an opportunity for the commission of the offense of which they are found guilty. Therefore the defense of entrapment is disproved by the evidence beyond a reasonable doubt. 33 A.L.R.2d 881, 886, note 5, and cases collected therein.

■ The Court, in its previous findings of fact, found that the defendant DeLoache had agreed and made preparations to sell 100 to 140 amphetamine tablets to one Jimmy Johnson prior to the time DeLoache met the Government agent, Leap. Johnson solicited DeLoache to make the sale, but the doctrine of entrapment "does not extend to acts of inducement on the part of a private citizen who is not an officer of the law." Henderson v. United States (C.A.5) 237 F.2d 169, 175, 61 A. L.R.2d 666; Beard v. United States (C. A.8) 59 F.2d 940, 941; Polski v. United States (C.A.8) 33 F.2d 686, cert. den. 280 U.S. 591, 50 S.Ct. 39, 74 L.Ed. 640;

United States v. Comi (C.A.4) 336 F.2d 856; Gonzales v. United States (C.A.9) 251 F.2d 298. Where a third party, who does not know the true identity of the Government agent, unwittingly leads the Government agent to the defendant, there is no entrapment because it is the third party who induces the initial violation, not the Government agent. Therefore, the Government is not "the initiator of the defendant's illegal acts in the sense of having induced the defendant to do what the defendant would otherwise not have been willing to do." United States v. Romano (C.A.2) 278 F.2d 202; see also Hart v. United States (C.A.8) 396 F.2d 243; McWilliams v. United States (C.A.8) 394 F.2d 41. The prior taking of amphetamines from Dr. Munshaw's supply, after an agreement to sell to Johnson, establishes that, in the case of defendant DeLoache, the "original * * * initiative [came] from the perpetrator." Butts v. United States (C.A. 8) 273 F. 35, 38, 18 A.L.R. 143; Morei v. United States (C.A.6) 127 F.2d 827. Defendant's contentions that agent Leap used defendant's need of tuition money to induce him into committing the offense fails as a matter of fact and law to support the defense of entrapment in whole or in part. DeLoache was a willing violator of the law. His need of money is no excuse for his misconduct.

■ With regard to defendant Golden, defendant DeLoache testified at one point (Tr. 396–405) that when ordering drugs on Dr. Munshaw's account he advised Golden that he was reselling drugs to a friend. Also it is in evidence that on December 4, 1962, when agent Leap offered to buy amphetamines directly from Golden, Golden specifically stated that he wanted the sale to continue as past sales had, so that Dr. Marvin could get his "cut" of the proceeds (Tr. 128, 132–3).

For these and other reasons the Government has proved beyond a reasonable doubt that the intent, the readiness and initiative to commit the alleged offenses were the voluntary acts of the defendants DeLoache and Golden. Therefore the defense of entrapment is available to

neither. Sorrell v. United States, *supra*; Sherman v. United States, *supra*; Morei v. United States, *supra*; Butts v. United States, *supra*.

### Conclusion

 It is found that the Government has proved beyond a reasonable doubt the essential elements of each of the offenses charged in Count II through Count X, inclusive. Therefore, it is hereby found that defendant De-Loache is guilty of the offenses charged in Counts II, III, IV, V, VI, VII, and VIII, and that defendant Golden is guilty of the offenses charged in Counts IX and X of the information. Because the offense charged in Count XI is the same offense charged in Count X, the defendant Golden will be acquitted on Count XI on the grounds of double jeopardy. (Counts X and XI were alternative counts filed to cover the same transaction because of doubt in respect to the exact chemical composition of the amphetamine sold by defendant Golden on December 20, 1962.)

Therefore, it is hereby

Adjudged that defendant DeLoache is guilty of the offenses charged in Counts II through VIII, inclusive, and that defendant Golden is guilty of those charged in Counts IX through X, inclusive. It is further

Adjudged that defendant Golden is not guilty of the charges in Count XI.