**UNITED STATES of America, Appellee,**

v.

**William Roger BOONE, Appellant.**

**No. 80–1405.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 12, 1980.

Decided March 4, 1981.

---

1. Claims in the amount of $1,168 were initially approved but Colhoff retrieved some of the authorizations totaling $761.

Hale W. Brown, Kirkwood, Mo., Michael J. Doddo, Fort Lauderdale, for defendant-appellant.

Thomas K. Berg, U. S. Atty., Richard E. Vosepka, Asst. U. S. Atty., D. Minn., Minneapolis, Minn., for appellee.

Ralph Ascher, Legal Intern, for appellee.

Before HEANEY, ROSS and McMILLIAN, Circuit Judges.

HEANEY, Circuit Judge.

Appellant William Roger Boone appeals from his conviction on two counts of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. He raises four issues on appeal: (1) whether the evidence was sufficient to prove him guilty of the conspiracy charge; (2) whether the district court erred in concluding that Boone waived his venue objection; (3) whether the district court gave the jury incomplete limiting instructions on certain evidentiary questions and otherwise conducted the trial in an improper manner; and (4) whether the trial court abused its discretion in denying Boone's motion to sever his trial from his co-defendant's. We affirm.

The charges against Boone were based upon two sales of cocaine arranged by Richard Dunham Hammond, Boone's co-conspirator. The testimony reveals that the first sale, which occurred on December 5, 1979, in Miami, Florida, was made in the presence of two Drug Enforcement Administration agents who were working undercover. Hammond paid Boone $19,000 for 383 grams of cocaine. Hammond and the agents then returned to Minnesota, where Hammond was arrested. He was released without charge, however, and began working with the DEA to set up another cocaine deal with Boone. These efforts led to Boone's travelling to Minnesota to complete the transaction. Boone was arrested on January 10, 1980, shortly after he had sold approximately four pounds of cocaine to a DEA agent for the price of $97,000.

Boone's first contention is that the evidence is not sufficient to support a guilty verdict on·Count I, the conspiracy charge. He argues that the proof only shows that he sold cocaine to Hammond, not that he conspired with Hammond intending to further distribute controlled substances.[1] We cannot agree.

The essence of a conspiracy is an agreement between two or more persons to commit an illegal act. *See United States v. Cohen*, 583 F.2d 1030, 1039 (8th Cir. 1978); *United States v. Powell*, 564 F.2d 256, 258 (8th Cir. 1977), *cert. denied*, 435 U.S. 904, 98 S.Ct. 1449, 55 L.Ed.2d 495 (1978). The existence of the agreement constituting a conspiracy, however, need not be proved by direct evidence; it may be inferred from the actions of the parties. *See e. g., Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); *Langel v. United States*, 451 F.2d 957, 961 (8th Cir. 1971).

In this case, the evidence is sufficient to permit the jury to infer that a conspiracy to distribute drugs existed. First, the quantity of cocaine sold on December 5, 1979, was sufficiently large to suggest that further distribution of the drug was contemplated. The jury is permitted to consider the size of the transaction in its determination of whether a scheme to distribute the drugs existed. *See Direct Sales Co. v. United States*, 319 U.S. 703, 63 S.Ct. 1265, 87 L.Ed. 1674 (1943); *United States v. Rojas*, 537 F.2d 216, 221 (5th Cir. 1976), *cert. denied*, 429 U.S. 1061, 97 S.Ct. 785, 50 L.Ed.2d 777 (1977); *United States v. Blake*, 484 F.2d 50, 58 (8th Cir. 1973), *cert. denied*, 417 U.S. 949, 94 S.Ct. 3076, 41 L.Ed.2d 669 (1974). Second, there were numerous telephone calls between Hammond and Boone prior to the sale on December 5, 1979. Third, at the time of that sale Boone stated that he could get just about any amount or quality of cocaine at any time, and one of the agents present testified that "Mr. Hammond agreed to contact Mr. Boone within a couple of days to arrange another trip to Miami to pick up a larger amount of cocaine." This evidence indicates that Boone, as a wholesale dealer, had a direct interest in seeing the drugs distributed by Hammond. *See United States v. Sin Nagh Fong*, 490 F.2d 527, 531

---

1. The offense underlying the conspiracy related to the events leading up to and including the sale of drugs on December 5, 1979. Because Hammond was working as a government agent at the time of the January 10, 1980 sale, he could not be considered a conspirator with Boone at that time.

(9th Cir.), *cert. denied,* 417 U.S. 916, 94 S.Ct. 2618, 41 L.Ed.2d 220 (1974). This conclusion is further supported by Boone's continued desire to sell drugs to Hammond in the following weeks. Although it is doubtful that any one of these factors alone would be sufficient to permit a jury to find Boone guilty of a conspiracy to distribute illegal drugs, we are satisfied that, when taken as a whole, the evidence supports the conviction.

Boone's second argument is that the district court erred in failing to dismiss Count II of the indictment, which concerned the December 5, 1979, sale in Miami, because venue was improper.

■ This contention is wholly without merit. At the beginning of the trial, counsel for Boone told the district court that he waived any venue objections he was entitled to make. The prosecutor indicated that this was done to accommodate the defense preference to have all counts tried at once. Pursuant to the request of the court, Boone later signed and filed a written waiver expressly consenting to the trial of Count II in the District of Minnesota rather than the Southern District of Florida. Moreover, Boone made no objections to venue until after he was convicted. There can be no doubt that Boone's venue objection was effectively waived and that the waiver precludes relief at this time. *See United States v. Haley,* 500 F.2d 302, 305 (8th Cir. 1974); *United States v. Powell,* 498 F.2d 890, 891–892 (9th Cir.), *cert. denied,* 419 U.S. 866, 95 S.Ct. 121, 42 L.Ed.2d 103 (1974).

The third argument raised by Boone is that he was denied a fair trial on all three counts because the district court failed to properly instruct the jury that evidence of out-of-court statements and certain other activity of Hammond could be considered only against Hammond, not against Boone.[2] He also maintains that the district court destroyed its appearance of impartiality by permitting the prosecutor to tell the jury that certain evidence was being admitted against Hammond alone.

■ We are not persuaded by these contentions. The transcript shows that limiting instructions were given to the jury when they were requested by Boone's counsel. On several occasions, the court gave the limiting instruction to the jury without being asked to do so. Indeed, at times the prosecutor asked that the jury be given an instruction that the evidence was not being offered against Boone and the court usually complied. In a few instances, the court allowed the prosecutor to assure the jury that the evidence was not being offered against Boone. While we do not regard that as the best practice, in the absence of objection at the time, Boone's contention that the prosecutor usurped the court's responsibility must fail. Furthermore, the district court carefully instructed the jurors in closing that out-of-court confessions or admissions by one defendant "may not be considered as evidence against another defendant not a party to that confession or admission."

Boone's final argument on appeal also challenges his conviction on all three counts. He maintains that the district court erred in refusing to sever his trial from that of his co-defendant, Hammond. He argues that the defenses of the two defendants were so antagonistic, and the actions of Hammond's counsel so prejudicial, that Boone was denied a fair trial.

At the trial, Hammond testified at length about his involvement in the alleged criminal activities; Boone presented no evidence in his own behalf. Hammond, who was a member of the Ramsey County Sheriff's Reserves, maintained that he was operating as a law enforcement officer during the period in question and therefore acted without criminal intent. In essence, Boone's argument is that Hammond's testimony, as well as evidence of Hammond's extrajudicial statements and actions, deprived him of a fair trial.

---

**2.** We will assume, without deciding, that the evidence to which Boone objects was inadmissible as to him.

 To hold that the district court abused its discretion in refusing to grant a severance, we must find that the joint trial prejudiced Boone's right to a fair trial. *United States v. Jackson*, 549 F.2d 517, 523–524 (8th Cir.), *cert. denied*, 430 U.S. 985, 97 S.Ct. 1682, 52 L.Ed.2d 379 (1977); *see* Fed. R.Crim.P. 14. We are unable to reach that conclusion. None of the objected to extrajudicial statements or activity of Hammond directly implicated Boone. In any event, as noted earlier in this opinion, the jury was properly and adequately instructed that such evidence was to be considered only against Hammond. We think those instructions were sufficient to obviate any danger that unrelated bad acts of Hammond would be used to inculpate Boone.

Hammond's testimony is similarly insufficient grounds for finding that the district court abused its discretion in refusing to grant a severance. First, there is no reason to believe that Hammond would not have testified at Boone's trial if the defendants had been tried separately. By the time of trial, Hammond was cooperating with law enforcement officers and was taking the position that he had been acting as a government agent all along. Thus, any harm to Boone caused by Hammond's testimony cannot be blamed on the joint trial.

Moreover, it is clear that Hammond's defense was entirely consistent with Boone's. Hammond's theory, revealed at the opening of trial and consistently maintained throughout, was that Hammond was acting as a law enforcement agent when he arranged to buy cocaine from Boone. Boone's sole defense was that he was entrapped. Had the jury believed Hammond's testimony, Boone's defense would have been a strong one, since all his contacts would have been with law enforcement officials. Without Hammond's testimony, on the other hand, Boone's entrapment defense would have had little support. Entrapment requires inducement by a government agent, *United States v. Perl*, 584 F.2d 1316, 1320

(4th Cir. 1978), *cert. denied*, 439 U.S. 1130, 99 S.Ct. 1050, 59 L.Ed.2d 92 (1979); *United States v. Garcia*, 546 F.2d 613, 615 (5th Cir.), *cert. denied*, 430 U.S. 958, 97 S.Ct. 1608, 51 L.Ed.2d 810 (1977); *Polski v. United States*, 33 F.2d 686, 687 (8th Cir.), *cert. denied*, 280 U.S. 591, 50 S.Ct. 39, 74 L.Ed. 640 (1929), and there is little evidence to suggest that anyone other than Hammond induced Boone to sell illegal drugs. Consequently, Hammond's testimony that he was acting as a law enforcement official could only have furthered Boone's defense.[3]

For the foregoing reasons, the convictions of the appellant are affirmed.

---

3. The joint trial and Hammond's testimony also provided Boone with another opportunity for exculpation. The jury was instructed that if one of the defendants was found not guilty of conspiracy—if Hammond was acting as a government agent, for example—the other must be found not guilty of conspiracy, as well.