UNITED STATES of America, Plaintiff,

v.

Audry Keith DECKER, Defendant.

Civ. A. No. 22991-3.

United States District Court,
W. D. Missouri, W. D.

Sept. 18, 1970.

———◆———

Anthony P. Nugent, Jr., Asst. U. S. Atty., Kansas City, Mo., for plaintiff.

James Daleo, Theodore Tenny, Kansas City, Mo., for defendant.

MEMORANDUM FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT OF CONVICTION OF DEFENDANT ON COUNTS 1, 3, 5, 6, 7, 8 and 9; JUDGMENT OF DISMISSAL OF COUNTS 2 AND 4 ON MOTION OF UNITED STATES

WILLIAM H. BECKER, Chief Judge.

The defendant, a licensed dealer under Chapter 44, Title 18, United States Code, holding Federal Firearms License No. 43–11070, expiring May 21, 1970, was charged in an indictment containing seven counts with unlawfully, wilfully and knowingly failing to make appropriate entries in and to properly maintain records which he was required to keep under §§ 922(m) and 923(g) of Title 18, United States Code.[1] In count 1, defendant was charged with failure to record on Form 4473, pursuant to 26

1. Section 922(m) reads as follows:
"[i]t shall be unlawful for any licensed importer, licensed manufacturer, licensed dealer, or licensed collector knowingly to make any false entry in, to fail to make appropriate entry in, or to fail to properly maintain, any record which he is required to keep pursuant to section 923 of this chapter or regulations promulgated thereunder."

Section 923(g) provides, in pertinent part, as follows:
"Each licensed . . . dealer, and licensed collector shall maintain such records of . . . sale or other disposition of firearms and ammunition at such place, for such period, and in such form as the Secretary may by regulations prescribe . . . ."

C.F.R. § 178.124,[2] the sale and delivery on October 19, 1969, of a Llama .380 caliber automatic pistol, serial number 70307 to James D. Long, a government agent of the Alcohol, Tobacco and Firearms Division. Count 2 charged the defendant with failure to record, in a commercial record or in a bound record at the time of the transaction, pursuant to 26 C.F.R. § 178.125,[3] the sale and delivery on October 19, 1969, of a box of .25 caliber ammunition to James D. Long, a government agent. Count 3 charged the failure to record on Form 4473 the sale of a P-38 9 mm. automatic pistol, serial number 16g to agent Long on October 26, 1969. Count 4 charged the failure to record in a bound or commercial record the sale of 96 rounds of 9 mm. ammunition to agent Long on October 26, 1969. Count 5 charged failure to record on Form 4473 the sale of a Smith and Wesson, Model 36-1, .38 caliber revolver, serial number 767490, to agent Long on November 3, 1969. Count 6 charged that, on the same date, defendant failed to record on Form 4473 the sale of a .12 gauge Hercules single-shot shotgun, serial number 60064, to agent Long. Count 7 charged the failure to record on Form 4473 the sale to agent Donald R. Smithson of a Falcon .22 caliber revolver, serial number 109078, on November 3, 1969.

Count 8 charged a violation of Section 922(b) (2), Title 18, United States Code,[4] in that defendant was a dealer who sold the Llama .380 caliber automatic pistol (serial number 70307, described in count one) to agent Long on October 19, 1969, in violation of § 564.-630 RSMo in that Long was not ascertained to have any permit to purchase or possess the pistol and defendant "did not know or have reasonable cause to believe that the purchase or possession of such firearm would not be in violation of Missouri law." And Count 9 charged that, in violation of Section 922(b) (3) of Title 18, United States Code,[5] defend-

2. Section 178.124(a) of 26 C.F.R. imposes the requirement on a licensed dealer of recording the sale or other disposition of a firearm to any non-licensed person on a "firearms transaction record, Form 4473."

3. Section 178.125 of 26 C.F.R. imposes the requirement upon licensed dealers and others to keep certain records about acquisition and disposition of ammunition (§ 178.125(a)-(d)) and certain permanent records of each receipt and disposition of firearms, beginning with opening inventories. This record must be kept in bound form according to a prescribed format. The acquisition of a firearm must be recorded therein within one business day of the acquisition. A sale or other disposition of a firearm must be recorded therein within seven days (§ 178.125(e)).

4. Section 922(b) (2) provides as follows:
"It shall be unlawful for any licensed importer, licensed manufacturer, licensed dealer, or licensed collector to sell or deliver—
* * * * *
(2) any firearm or ammunition to any person in any State where the purchase or possession by such person of such firearm or ammunition would be in violation of any State law or any published ordinance applicable at the place of sale, delivery or other disposition, unless the licensee knows or has reasonable cause to believe that the purchase or possession would not be in violation of such State law or such published ordinance";

5. Section 922(b) (3) provides as follows:
"It shall be unlawful for any licensed importer, licensed manufacturer, licensed dealer, or licensed collector to sell or deliver—
* * * * *
"(3) any firearm to any person who the licensee knows or has reasonable cause to believe does not reside in (or if the person is a corporation or other business entity, does not maintain a place of business in) the State in which the licensee's place of business is located, except that this paragraph (A) shall not apply to the sale or delivery of a rifle or shotgun to a resident of a State contiguous to the State in which the licensee's place of business is located if the purchaser's State of residence permits such sale or delivery by law, the sale fully complies with the legal conditions of sale in both such contiguous States, and the purchaser and the licensee have, prior to the sale, or delivery for sale, of the rifle or shot-

ant, as a licensed dealer sold the same Llama .380 caliber automatic pistol to agent Long on October 19, 1969, "when he knew or had reasonable cause to believe that said James D. Long did not reside or maintain a place of business in the State of Missouri."

On January 23, 1970, defendant moved to dismiss the indictment for the reasons that it was (1) multiplicitous, (2) vague, (3) based on unconstitutional statutes, and (4) that defendant was not given time as required by federal regulations to make his records. Alternatively, defendant moved to suppress and for return of evidence allegedly procured by the Government as the result of an illegal search and seizure. Defendant contended that the search and seizure of weapons and ammunition in his residence was illegal because there was no probable cause to issue a search warrant; that the warrant was vague and indefinite; that the property seized did not compare with the descriptions given in the warrant; that the warrant was insufficient in that it did not specify the owner and possessor of the premises; and that the warrant was illegally executed. These motions were denied by an order entered on April 15, 1970. In that order, with respect to the contention that the indictment was "multiplicitous" in charging the same offense in multiple counts, it was stated:

"Defendant . . . contends that the indictment is 'multiplicitous' in that counts 1, 2, 8 and 9 allege 'overt acts' of one and the same offense. The contention is without merit. Al-

though the counts allege sales and deliveries of firearms and ammunitions to the same person on the same date, counts 1, 2 and 3 allege the sale of distinctly different articles of firearms and ammunitions. Although counts 8 and 9 allege the same act—that of unlawfully, wilfully and knowingly selling and delivering a Llama .380 caliber automatic pistol to one James D. Long, as Government agent—count 8 alleges a violation of Section 922(b) (2) in that the agent had no state permit while count 9 alleges a violation of Section 922(b) (3) in that the agent did not reside or maintain a place of business within Missouri. These counts, therefore, are not 'multiplicitous.' "

Previously, by an order of this Court entered on March 19, 1970, this cause had been set for trial by jury on April 15, 1970. On that date, prior to trial, defendant waived trial by jury and requested that this cause be tried to the Court alone, sitting without a jury. Defendant filed his written waiver of trial by jury and waiver of special findings of fact on April 15, 1970. The request was granted, and this case was tried as scheduled, but without a jury.

The following is a summary of the evidence entered in the trial of this cause on April 15, 1970.

James Moore, an agent of the Alcohol, Tobacco and Firearms Division of the United States Government, testified without contradiction that, on October 16, 1969.[6] he explained completely to de-

---

gun, complied with all of the requirements of section 922(c) applicable to intrastate transactions other than at the licensee's business premises, (B) shall not apply to the loan or rental of a firearm to any person for temporary use for lawful sporting purposes, and (C) shall not preclude any person who is participating in any organized rifle or shotgun match or contest, or is engaged in hunting, in a State other than his State of residence and whose rifle or shotgun has been lost or stolen or has become inoperative in such other State, from purchasing a rifle or shotgun in such

other State from a licensed dealer if such person presents to such dealer a sworn statement (i) that his rifle or shotgun was lost or stolen or became inoperative while participating in such a match or contest, or while engaged in hunting, in such other State, and (ii) identifying the chief law enforcement officer of the locality in which such person resides, to whom such licensed dealer shall forward such statement by registered mail;"

6. The Government, in its proposed findings, has additionally noted that in May

fendant that a form denominated as Form 4473, official firearms transaction record, was required under the Gun Control Act of 1968 to be filled out for each sale of pistols or other guns made by defendant and instructed defendant how to complete the form; that he advised defendant that Missouri law required a permit to purchase certain weapons; that to sell these weapons in violation of the Missouri law requiring a permit was a federal offense; that to sell these weapons to non-residents of Missouri was similarly prohibited; that in case of each disposition of a firearm or of ammunition a record should be made (in addition to Form 4473) in a bound record; that defendant assured agent Moore that he would cooperate in filling out the forms; that subsequently agent Moore sent a supply of the forms to defendant, which was later found during the allegedly illegal search of defendant's shop after defendant's arrest;[7] that defendant then had a copy of the Gun Control Act of 1968 in his home; that defendant told agent Moore that defendant was aware of the current status of federal laws relating to firearms; that thereafter on November 3, 1969, agent Moore observed a fellow agent (James D. Long) enter defendant's house and then leave it some time later with a gun in hand; that on November 4, 1969, a search warrant for

the search of defendant's residence was issued and a search thereof conducted by federal agents; and that during the course of the search the agents found bills from *The Kansas City Star* requesting payment from defendant for advertisements placed by him in the *Star* of guns for sale.

In defendant's brief, it is asserted that agent Moore evinced an uncertain knowledge of precisely what guns were covered under the applicable statute and those which were exempt from its operation and that he did not know how many firearms ordinances, laws and regulations had been published. But these considerations are irrelevant in view of the clear testimony that agent Moore was familiar with the statutes under which defendant was charged in this case and that he advised defendant of those provisions and showed defendant how to fill out the necessary forms. The evidence further shows that defendant had also been shown the proper methods in filling out Form 4473 by Robert Hinds, a government agent.

Defendant contends in his brief that there is no testimony that he was shown all of the records which he was obliged to keep under the Firearms Act and no testimony that the demonstration of how to fill out the forms was a "complete" demonstration. But the evidence is clear and uncontradicted that defend-

1969 agent Moore initially met defendant when he advised one Kellerman in defendant's presence of the requirements of the Federal Firearms Act. In his brief, defendant has contended, with respect to this evidence, that there is no evidence that Moore talked directly to, or was overheard by, defendant on this occasion. Although the circumstances surrounding this conversation would permit an inference to the contrary, this conversation is only cumulative evidence of the advice given to defendant of federal requirements. That he was given such advice is established by the uncontradicted testimony of Moore's direct advice to defendant in October 1969.

7. Defendant also comments in his brief on the probative value of some evidence. He contends that the fact that some incom-

pletely-filled-in Forms 4473 were seized by the FBI proves nothing. It is true that they may prove nothing standing alone. In combination with the other facts clearly shown in this case, however, which independently establish the violations charged, this evidence may furnish proof of a predisposition to commit the offenses for which defendant was given the opportunity by the Government agents. Defendant states that these forms are not signed by seller. But that factor is irrelevant when the testimony is clear and uncontradicted that they were seized from him. Finally, defendant makes certain contentions going to the admissibility of plaintiff's exhibit 5, the Department of the Treasury's, *Published Ordinances Firearms*. This was admitted, however, in the absence of defendant's objection.

ant was shown the records which he is charged herein with failure to keep and that he was shown how to fill out a Form 4473.

James D. Long, an agent of the Alcohol, Tobacco and Firearms Division testified without contradiction that, without revealing his identity as a federal agent, he contacted the defendant by telephone about purchasing weapons in October 1969; that later he, agent Long, represented himself as being "Don Taylor" from Omaha, where guns were "hard to get"; that defendant asked Long to call back in the future for the purpose of discussing the sale of guns; that Long then went to defendant's home on October 19, 1969, at which time he purchased the .380 caliber Llama automatic pistol and a box of .25 caliber ammunition; that defendant then stated to Long that "if you come back and say we sold you guns we will say you are lying"; that defendant did not intend to "keep papers" on the serial numbers (expressing the view that the federal government had no business requiring it) and that Long should return in the near future if he wished to purchase more guns; that Long did return to defendant's residence on October 25, 1969, and October 26, 1969, and on the latter date was told by defendant (in response to Long's expressing a desire to buy only pistols) that it was possible to hide a long gun in one's pant leg; that defendant sold him two P–38 pistols on that date (one bearing serial number 16g, as charged in count 9 of the complaint) and 6 boxes of 9 mm. ammunition (as charged in count 4) without making records thereof; that also on October 26, 1969, defendant discussed with the witness the gun laws of the various states bordering on Missouri and defendant concluded by advising the witness that the safest route back to Omaha would be through Iowa; that the witness spoke with defendant on November 2, 1969, concerning the feasibility of shortening the barrels of a shotgun; that the witness subsequently went to defendant's home on November 3, 1969,

for the purpose of inspecting shotguns; that the witness purchased a Hercules 12 gauge single shot shotgun, serial number 60064, on that date and a new .38 caliber Smith and Wesson revolver, model 36–1, serial number 767490 (as charged in counts 5 and 6); that he was never asked to sign a 4473 form; and that he would have revealed his identity as a federal agent to defendant had he been requested by defendant to do so in order to complete and sign a 4473 form.

Defendant's brief asserts that agent Long was "not acting in his lawful capacity" as an agent of the Government in purchasing the firearms from defendant in a disguised identity and under an assumed name. But this would be no defense. The only issue on which Long's official capacity is material is the issue of entrapment, which is determined adversely to the defendant.

Donald R. Smithson, a third agent of the Alcohol, Tobacco and Firearms Division, testified that he purchased a .22 caliber Falcon revolver, serial number 109078, from defendant on November 3, 1969, for a purchase price of $42.50 (as charged in Count 7); that defendant did not ask him for a permit, any identification, nor did defendant request him to sign Form 4473; that Smithson did not ask to inspect defendant's records nor reveal his identity as a government agent; and that defendant told the witness, "if you come back in 30 minutes and say you bought that gun here, I'll call you a liar."

The testimony of agents Moore, Long and Smithson constituted all of the oral evidence offered in the trial of this case. The Government rested after it offered testimony of the three agents and documentary evidence in connection therewith. The documentary evidence (some 26 partially completed 4473 forms found during the search of defendant's residence) showed that defendant had sold many guns in violation of the statutes requiring the keeping of records under which he is charged.

The above evidence of the Government supports a finding that the testimony

of the agents is substantially true beyond a reasonable doubt. The uncontradicted testimony of agents Moore, Long and Smithson establishes beyond a reasonable doubt that each of the offenses specified in each of the nine counts was committed unlawfully, wilfully and knowingly. Defendant was advised of his obligations under the law. Defendant clearly acknowledged those obligations and thereafter intentionally and wilfully refused to fulfill them. The evidence clearly establishes beyond a reasonable doubt the sale of the firearms and ammunition charged in counts 1, 3, 5, 8 and 7 accompanied by a knowing and wilful failure to make the records required by law. The sale of a firearm as charged by count VIII in wilful disregard of the obligation to determine whether the purchaser possessed a permit as required by Missouri state law is shown by the evidence beyond a reasonable doubt. No reasonable cause for defendant to believe that the purchase of the gun by the purchaser would not violate the Missouri law appears from the evidence. Further, the charge in count 9 is proved beyond a reasonable doubt.

After the trial of this cause as aforesaid on April 15, 1970, this Court, on June 11, 1970, entered its finding of facts, conclusions of law and judgment of conviction of defendant on all nine counts of the indictment. Thereafter, on June 19, 1970, on motion of the defendant, the judgment of conviction was vacated in order to allow the Government and defendant to submit their respective briefs on the factual and legal issues involved in this action and respective proposed findings of fact and conclusions of law. In his brief filed on August 11, 1970, defendant, in addition to the contentions noted above in respect to the Government's witnesses, contended that defendant was entrapped by agent Long; that there was no evidence of defendant's intent to violate the applicable federal statutes under which he is charged; that there is a "presumption" that defendant did not fill out the required forms and that, therefore, in

the absence of any testimony to the contrary, it must be concluded that agent Long "executed" the incomplete 4473 forms and delivered them to defendant; that in respect to count 8 charging sale of a pistol to a person without a state permit or reasonably believed to have a state permit, there is "no testimony that [agent Long] did not voluntarily deliver a Missouri state firearms permit to defendant."; and that, in respect of count 9, charging the sale to a person who was known by defendant or reasonably believed by him to be a nonresident of Missouri, agent Long, to whom the weapon was sold, was in fact a resident of Missouri. All of these contentions are without merit for the following reasons:

(1) Under the facts of this case, the defense of entrapment cannot prevail. "Entrapment," in federal criminal jurisprudence, means "the act by the Government of inducing or leading a person to commit a crime not originally contemplated by him for the purpose of trapping him in its commission and prosecuting him." United States v. DeLoache (W.D.Mo.) 304 F.Supp. 183, 185, and authorities therein cited. The evidence in the case at bar does not show such a case. At the time of the original contact, agent Long, who stated to defendant that he was an out-of-state resident who wanted to buy guns, found defendant, who had only a few days prior to the contact been advised of the illegality of the proposed transactions, readily amenable to making the proposed sales. Further, the evidence shows that defendant gave Long advice on ways and means of avoiding being "caught" with the weapons sold him by defendant and stated that he would deny later that he had made the sales. Patently, this was a case wherein the criminal intent originated in the mind of the accused. In such a case, "the fact that an opportunity is fur-

nished, or that the accused is aided in the commission of the crime in order \* \* \* to prosecute him therefor, constitutes no defense." United States v. DeLoache, *supra*, at 186; 1 Wharton's Criminal Law and Procedure (Anderson ed. 1957) § 132, p. 283; Anno. 33 L.Ed.2d 883, 890. In this connection, defendant asserts that the statements made by him to the Government agents which evidence that he knowingly and wilfully violated the statutes under which he is charged were made when he was drawn by the agents into making "joking statements." But there is absolutely no evidence of this in the record herein. Defendant's statements advising Long how to avoid capture and that he would deny sale of any weapons to him should be viewed as statements evidencing an intent to violate the federal statutes. That is the only reasonable construction of them. It is the only construction which is consistent with defendant's making the sales after he had been advised that they were prohibited by federal law.

(2) For the reasons stated in (1) above, it must be concluded that the evidence shows that defendant had the requisite intent to violate the federal statutes under which he is charged.

(3) There is no "presumption," as defendant asserts, that he did not fill out 4473 forms in connection with the sales made to agents Long and Smithson and that therefore it must be presumed that agent Long made out the forms improperly in behalf of defendant. To the contrary, it would be consistent with the presumption of innocence to presume that he did fill out the required forms in respect to these sales. But the evidence is clear that no forms were completed and that defendant did not even inquire of the agents who made the purchases respecting the information which would have been necessary to complete the form. There is no evidence, however, that agent Long executed the forms for defendant, and no presumption exists in this regard. It is the licensed dealer who is obliged under the statutes to fill out the form.

(4) The evidence in this case clearly shows that defendant had reasonable cause to believe that the purchase would be in violation of Missouri law requiring a state permit for the purchase of a pistol. Defendant made no attempt to ascertain whether agent Long, whom he believed to be from Nebraska, in fact had a Missouri permit. Defendant states that there was no evidence showing that Long did not in fact show such a permit to defendant. But that is an irrelevant consideration. If evidence is lacking on whether agent Long in fact had a permit, or whether possession of such was known by defendant, it must be noted that the applicable statute equally condemns "reasonable cause" to believe that the weapon is sold in violation of state law. In this regard, no evidence contradicts that evidence which shows that defendant believed Long to be from Nebraska and that defendant believed he was making the sales unlawfully.

(5) The fact that Long might have been a resident of Missouri is also irrelevant to the charge contained in count 9 of the indictment. The statute condemns a sale with "reasonable cause" to believe the sale is made to a nonresident as well as a sale made with the most certain knowledge of out-of-state residency. There is no evidence that defendant knew Long's residence was in Missouri.

To the contrary, the evidence shows that defendant believed Long to be a resident of Nebraska.

In the Government's brief and proposed findings of fact and conclusions of law, it is requested that leave be granted to dismiss counts 2 and 4. Leave will be granted and the counts accordingly dismissed.

Since all the essential elements of the offenses charged in counts 1, 3, 5, 6, 7, 8 and 9 have therefore been proved beyond a reasonable doubt, it is therefore

Adjudged that defendant is guilty as charged in each of the counts 1, 3, 5, 6, 7, 8 and 9 of the indictment herein. It is further

Adjudged that counts 2 and 4 herein be, and they are hereby, dismissed on motion of the Government.